Good morning, Your Honors. May it please the Court, Ashwini Mate representing Jasperson Curtis Ogburn. I'd like to reserve two minutes of my time for rebuttal, if I may. And I'd like to just briefly touch on my second issue before turning to my first. Your Honors, this Court reviews de novo whether or not a district court misinterprets the guidelines. And in this case, the district court clearly misinterpreted the guidelines when it denied Mr. Ogburn an acceptance of responsibility reduction simply because he had not pled guilty. This Court has repeatedly held that a judge cannot rely on the sole fact that a defendant hasn't pled guilty to deny an acceptance of responsibility reduction. And the guidelines contemplate a situation where a defendant can proceed to trial and still receive the reduction. And that situation was present here. The district court repeatedly acknowledged that. And so it must have been a mistake or a misinterpretation of the standard for denying acceptance of responsibility reduction. Turning to my initial issue, because the government charged two separate incidents under a What will that do then to the sentence? If he receives an acceptance of responsibility reduction, it would drop his offense level by two levels, and his guideline range would change. And it would change from, I believe, 33 to 41, yes, from 33 to 41 to 27 to 33 months. So he would receive several months off, assuming the judge sentences within the guideline range, as it did in this case. As to my initial issue, because the government charged two incidents under a one count indictment, Mr. Ogburn was prevented from properly defending his case. No one disputes that SORNA is a continuing violation. However, that violation should end when a defendant is arrested and interviewed by local registration officials. I ask you a question, what difference does it make whether you treat it as a continuing violation or not? Because in this case, two separate violations were included under a one count indictment because the government persisted in charging it as a one continuing violation. So if the violation ends in Minnesota in 2010, then it separates it into two separate incidents and two separate counts. One- He was charged with two offenses, he didn't register in either state. And yet, he was only charged with one giant offense instead of two separate offenses. But isn't he subject to a longer sentence, a greater sentence, if it's two, and the judge doesn't make it concurrent? Arguably, there might, the first count, the 2010 Minnesota offense, we would have a defense too, because- He did a registration under SORNA. Yes, also there is an argument to be made that his requirement to register in Minnesota hadn't even been triggered yet. So what, because I have the same question, so what question on both sides, I don't understand why the government cares either. Because if it had been two offenses, then he would have been convicted of one offense. Here he was convicted of one offense, it's the same thing, I mean, what's the problem? The problem is that because he wasn't given two separate charges- I understand maybe he would have had a defense to the Minnesota allegation, but then there would have been a second allegation, which was the California allegation. And you never suggest you'd have a defense to that, so then he would have got convicted of that. He would have had one conviction, now he has one conviction, so what's the problem? He would have pled guilty to that second, if it was separated into two counts, one which he would have had a defense to and possibly gotten dismissed. The second, he would have been able to plead straight guilty to, and under this court's reasoning for why it denied him acceptance of responsibility, he would have been able to argue for a lower sentence. The other one on the ground that it's all spinach, it didn't matter. I mean, it's a very peculiar case, because I mean, my instinct is you may be right, there may be two claims. But I do get stuck on the so what. I think that a duplicitous indictment, if you look at the court's reasoning in UCO oil, a duplicitous indictment creates a lot of different kinds of trial errors which happened here, such as the erroneous admission of evidence. And I understand this court's concern that you arrive at the same practical place in the sense that you would still be pleading guilty to one offense, which didn't happen here because he was forced to go to trial on one offense. But presuming this wasn't a bench trial, I mean, this is a mistake of law or a question of law. If this wasn't a bench trial and went before a jury, that erroneous admission of evidence could have been highly prejudicial. So, splitting this- Also, does your argument depend on the Minnesota case having ended at the time he was arrested? I mean, because that seems to be actually not that strong an argument. Seems to me your argument is simply he made two trips and he did register in two different places and that's two different offenses. But why does it depend on whether or not the Minnesota offense ended when he was arrested? Because, as the government argued in their briefing, since Missourna is a continuing violation- Violation, but what's the violation? The violation is failing to register. Correct, after having traveled in interstate commerce, right? So, you travel in interstate commerce, and if you travel interstate commerce and five years later somewhere else you don't register, is that, are those two things going to link together? I would argue that they should be two separate violations, and just because a defendant enters into interstate travel, I think it initiates a different violation. But since I think this court's held that Sorn is one continuing violation, then it can encompass- Not in an instance in which there were two different interstate trips in two different places where he was supposed to register. And in either case, I mean, as long- The registrations are different, too, right? They're in different places with different rules. Yes, Minnesota and California. They have different rules. Yes, they have different local rules, yes. So, it would necessarily involve a different set of facts in terms of when was he supposed to register, where, by whom, and so on. Yes, Your Honor, and I mean, either under this court's rationale or the questions that you've submitted to me, or the issue in if this court should hold that it's a continuing violation that can encompass two separate states and two separate registration requirements. I would still argue that it ends when local registration officials were notified of his presence in Minnesota. That seems kind of crazy, because he didn't, in fact, register under the rules as they were set up. He did, Your Honor. He informed local registration officials of his location, his transient location, in the state of Minnesota. And that complies with all the requirements under Minnesota local rules for registering sex offenders. I thought he insisted that he really had no obligation to register and was actually living there. Well, he wasn't, I mean, he didn't insist to local registration, I mean, he insisted to local registration officials that he'd only been there a few days. And so, he didn't know, but to the extent that his sort of violation was started in 2010, which the government persisted in their pre-trial motions and in the charging indictment, it should have ended at the very least when he notified local officials of his position in Minnesota. Well, if it's a continuing type of violation, when I first read that, I thought maybe every day he didn't have that bracelet on was another crime. So he could have had 365 counts every year, is that what you want? No, Your Honor, that's not what we want for every single day. It's simply that if SORNA is a continuing violation, which is how it has been found by this court, then it has to end at a certain point. It can't just continue on until whenever a defendant is in custody for that exact reason. It would result in several, several, I mean, a defendant would be in continuous violation of SORNA while they were in custody for as long as a local registration official hadn't put their information in a registration database. So it has to end, in other words, at some point. And it can't simply end when the government- One should have abandoned it. Sorry? One should have abandoned it. In this case, when if the charge that they, if the, sorry, the offense that they charged was the one that started in 2010 when he left California to go to Minnesota, it should have ended in Minnesota in 2010 when local registration officials were aware of his presence. And that's what the government maintained was how they intended to satisfy the interstate travel nexus of the SORNA crime, was the travel in 2010 from California to Minnesota. And so it should have ended there in Minnesota. That should have been the count charged. If they wanted to charge a separate count, they could have, but they argued that they were charging their interstate travel. Was he required to register under Minnesota law? Sorry, say that again? Was he required to register under Minnesota law? Yes, he was. So then they can indict him when he comes back. And they tried to locally charge him, which is why he was arrested and investigated for that and a potential drug possession charge. And a registration official interviewed him and got all of his local information. But also was told that he hadn't been there long enough, and that's presumed, you can go ahead with it. Then when you had the trial, was there any evidence, presumably the government put on some evidence that he actually had been there for quite a while, which I gather he was. And was there any evidence that he wasn't? During the course of the trial, actually I don't believe there was any evidence put on that he had been in Minnesota for a long time. And we didn't contest that, but the district court also didn't find that as part of its finding of facts at the end of trial. So the net result was that what the district court essentially found was the violation was going back to California and not registering in California. Yes, Your Honor. Which would have been what he found if that had been all that was charged. Yes, but if- The whole Minnesota thing was just irrelevant. Yes, Your Honor, we argued that it was irrelevant and should have been excluded at trial. And so had it been excluded, he would have properly pled guilty, saving the court time and resources going through a three day long stipulated facts bench trial on the 2012 offense. What difference does all this make? If you find that the indictment was indeed duplicitous, the relief is to undo the indictment and hopefully have it charged as two separate offenses or one 2012 offense, which he would- He's guilty to what he already pled guilty to and they were in the same place they were before. Yeah, in essence. What is it you want again? I want, in essence, I want him to have been charged properly so that he could adequately defend the 2010 charge if they so bring that charge. And that he would be able to plead guilty to the 2012 charge and obtain the acceptance of responsibility reduction in the end. He ended up pleading guilty to this other thing, and so he ended up in the same exact place. Without an ability to obtain an acceptance of responsibility reduction under this court's rationale. Because he could have just pleaded guilty. He didn't, but he could have. He could have, but the conditional plea the government was offering him was requiring him to admit guilt to a registration offense in Minnesota in 2010, which for him, given that he did not believe he had actually committed an offense in Minnesota in 2010, seemed like admitting guilt wrongly and- A different question, the United States Attorney's Office here in the Central District of California can't charge him with violating the Minnesota law, can they? I mean, wouldn't he have to have the US Attorney's Office in the district where he committed the Minnesota violation get an indictment against him for that one? Yes, presumably the United States Attorney's Office in Minnesota might be able to have gotten an indictment, but they chose not to in this case. Actually, the federal marshal who was notified, I believe, of the fact that he had possibly not registered under SORNA in Minnesota was a marshal located in the Central District of California. But I mean, in terms of the rules of venue and where you can be indicted for something. You can't be indicted in California for a crime committed in Minnesota, isn't that correct? I believe so, Your Honor, but I'm not sure about the rules of venue, so I don't know. I mean, I don't know if, well, I don't know if the US attorney here could have brought an indictment for his failure to register in Minnesota. I don't, from my understanding, because the state dropped those charges, I don't think the federal authorities were willing to take up those charges either at the time. But it shouldn't be that the government can then continue the violation past that point simply because they couldn't obtain an indictment then and charge him in one giant account which includes a lot of conduct that should have been excluded later on. Maybe as a matter of trial evidence, the Minnesota step should have been- Excluded, which- Excluded. I still get back to what was wrong, since it was only one count, with putting it in the indictment. I think the error was simply, as you stated, the erroneous admission of evidence. The fact that it's unclear if this had gone to a jury trial, what the basis would have been for the jury's verdict. I think the findings of fact that the district court made make it somewhat ambiguous as to whether or not the district court found him guilty of a 2010 violation or a 2012 violation. Although, arguably, it's more clear that he was guilty of a 2012 violation than the 2010 conduct. Very sad case, by the way. So, if we send this back and point out to the district judge that he needs to credit your client with acceptance of responsibility, is that going to make you happy? If you find that the district court should have just credited my client with acceptance of responsibility, yes, Your Honor, that would be sufficient. Then the rest of it really doesn't matter. No, Your Honor, that's true. Does that make you very happy? Yes. It would. Can I ask one other question? Where in the excerpts of record is, you say the district court found, did not make findings about the Minnesota, or did not base the conviction on the Minnesota failure to register. Where could I find that? On ER 78 to ER 80, the court made several findings of facts where they don't find that he moved to Minnesota, and they don't find the exact date he entered Minnesota. And so, arguably, they did not find that his requirement to register had been triggered in Minnesota. But the district court does find that he never registered in Minnesota, but it's not clear whether or not he was required to. ER 79, number six. Defendant traveled in interstate commerce from California to Minnesota in 2010, and from Minnesota to California in or before 2012. Yes, so that's a- Finding. It's a finding that he at least traveled in interstate commerce, but then a separate finding on the same pages. I had the ER citation from ER 78 to ER 80, which encompasses all the district court's findings, and I think cumulatively they show that the district court wasn't clear that the defendant had violated in Minnesota at the time, because they did not find that he intended to reside in Minnesota, or that he had moved to Minnesota, or that he had been in Minnesota for a requisite number of days to trigger the requirement to register. So he's found guilty of only the California violation? Yes, arguably. But it does also state that he had never registered in Minnesota, so it's not clear, I would say, what exactly was the basis of the district court's finding. And I think that's the problem with a duplicitous indictment. It's muddy. All right. Where is he now? Sorry? Where is he now? My client? Yeah. He's in prison. Okay. That's good, huh? I don't know about that. How long has he been there? I think he's been there for approximately a year. A year? Maybe a little less than. Where is he residing now? I actually don't remember off the top of my head. I have several clients. My apologies. I don't remember all of their locations. You don't visit them? They're usually detained far away, so I don't have much of an opportunity to visit them. Most of our correspondence happens over letters or calls. If they're local and it's a really important issue, I have the chance to go talk to them. I give my best. Thank you, Your Honors. I have any time. May it please the Court. My name is Sean Peterson. I am here on behalf of the United States. I have the same question. Why didn't the United States, when they raised the problem, just charge two offenses? I mean, it's very hard to figure out what we're doing here. Your Honor, we're constrained by the case law as well. Well, the case law is clear that it's a continuing offense. And then we look at what other indications. What does that mean? So let's start with the offense. What is the offense? The offense itself is the failure to register. It was an affirmative duty on the sex offender to go forward and register. This is what I don't understand. The offense, this particular offense is predicated on failure to register after interstate travel, right? Correct. That's the third element. Right. That's an element of this offense, right? Yes. So you're putting in the Minnesota stuff. I read it as the purpose of putting that in was to establish the third element of this offense. If he had just remained in California, he could be charged with failure to register. But that would be a different offense with less punitive sanctions, right? Only under California, Baldwin. So there's a few things going on. Yes, there's California law that requires a sex offender to register. There's also Minnesota law that requires a sex offender to register. And then apart from that, there's federal law. Federal law that requires the interstate commerce because otherwise it wouldn't be a federal offense, right? Right, Your Honor. The second element is interstate travel. Then the third element is knowingly failing to register. Also, since this SORNA offense is essentially an assimilative offense where the registration requirements are the state registration requirements, right? There are also federal registration requirements. But they have to – I'm not understanding that. I thought that the offense was failing to fulfill the Minnesota requirements and then the California requirements for registration. No. The offense is failing to register. And this is where it gets a little bit messy. And SORNA is an interesting statute that has been subject to a lot of litigation in various contexts. But while SORNA was enacted with a backdrop that there were already 50 states that had registration requirements for sex offenders. And so it was enacted in that situation. And there was a concern that is borne out in the legislative record that sex offenders were moving from one state to another or one jurisdiction to another as it's referenced in the statute. And essentially they were being lost track of. They weren't registering. The new locations didn't know they were there. So that was the backdrop for SORNA. SORNA – the federal government enacted SORNA and it created a federal offense for a person to travel from one jurisdiction to another and not update that registration. Now, how do they register? Yes, it is the case that they register essentially with the local authorities. So we just went through a long story that went no place, okay? And all I was trying to point out was that, therefore, as to whether they fail to register or the standards that are governing are going to be the state standards as to where they're supposed to register or how soon they're supposed to register and so on, right? There are state standards and there are federal standards as well, Your Honor, and they're not the same in every regard. Well, tell me about a federal standard. Under federal standards, three days after which the defendant changes his residence, he then has to register. Okay, but where does he have to go? Presumably that's under state law where he has to go to register. Right. He has to go to a… So, therefore, if one of the registrations is in Minnesota and one of them is in California, there's going to be different facts, right? Well, the defendant, in theory, could have satisfied his federal registration requirement by either advising the California jurisdiction once he had abandoned that residence or he could have advised the Minnesota jurisdiction. But didn't he, in fact, advise the Minnesota people that he was there as a sex offender? He did not, Your Honor, and I'm happy to transition to the de facto registration argument now if the court would like me to do that. So the defendant is making an argument that he de facto registered in Minnesota. The defendant's making that argument saying that in Minnesota he met with a Minnesota police officer and talked to him about registration-related things. Now, as one member of this panel pointed out, it is the case that the defendant did not acknowledge that he had to register there. And he provided various answers as to where he lived. He said that he had only just arrived there, which was not supported by other evidence that came in in the trial record. And, therefore… He wasn't on trial in this case for the failure to register in Minnesota, was he? He was on trial in this case for the federal SORNA offense, which includes conduct in Minnesota. But he could have satisfied his registration requirement by registering in Minnesota or in California. So if we find, if we conclude that he de facto registered in Minnesota, what do we do? What do you do if you find that he de facto registered in Minnesota? Or judge clearly error by finding that he did not de facto register in Minnesota? Uh… Your… That would… It depends, Your Honor. What do you mean? Would we have a conviction or not? No, you don't. Because it's a continuing offense. No, because he wasn't on trial for the Minnesota violation. I would submit, Your Honor, that it's a continuing offense that ends once he registers and he did not register in… Now that it was a registration, there was a registration in Minnesota, then what? Then he still failed to register in California later. The trial court made… But then, and then because of the way you charged it, do you then have a double jeopardy problem or something? In other words, it was charged in… You agree that if it's a continuing offense, it ends once he registers? Yes. Therefore, what the offense you charged would end if he registered in Minnesota? That was part of the offense that was charged. The charge went from August 17th of 2010 until a date in 2012. And part of that covered the time in Minnesota, yes. While we're trying to get to you, suppose we accept the defendant's argument that Minnesota did constitute a registration. Procedurally, what happens to this case? I'd like to respond to that first part and the second, Your Honor. No, but to answer your question, I think the court still has to deal with the specific findings of the court, the district court, which found him guilty for his… My question, I mean, I really don't understand why you're not answering my question. If it was one continuous offense that included conduct in Minnesota that we find was not correctly construed as a failure to register, doesn't that – it would break up the continuing offense, wouldn't it? Yes. So if it broke up the continuing offense, do we have to reverse? If it broke up the continuing offense, I think you don't have to reverse because the trial court made specific findings regarding the failure to register in California. That seems totally impossible because your position is that it's a continuing offense that ends when he registered, and that's the offense you charged. So if he registered in Minnesota, the offense – there was no offense he didn't violate. Again, if you had charged two offenses, then he may have violated the – he then traveled, which is why my instinct is that there are two offenses, because he traveled again and he failed to register again, all having very little to do with what happened in Minnesota. And that's why I don't understand. When I asked you at the outset why didn't the government just charge the two offenses, you said somehow, and I still don't understand the answer, that you had some compunction to do it this way. I don't know what the compunction was. Your Honor, I mean, to begin with, the government's position is that he didn't register in Minnesota. The government believes it's very clear that he didn't register in Minnesota. But he – there were two different places he failed to register, with two different sets of rules that would have had two different factual defenses as to, you know, whether he went to the right person and did the right thing and so on. Plus, there were two different trips. So if there was some argument, for example, that, well, I didn't really travel interstate commerce. I was drugged and dragged over the line. There were two different trips. So they certainly feel like two different occasions in which he traveled interstate commerce and failed to register, quite without regard to whether the Minnesota situation, which is registration or not. Then you do have the fact that the district court did not make any findings. In fact, that there was a violation in failing to register in Minnesota. Do you agree with that? Correct. Okay. So we have to assume that he only found the California one. Right. And I mean, I don't know where that gets you because I don't know why it helps her particularly either. But I don't understand why the government just didn't do this. If the district court had found that he failed to register in Minnesota, would that be a different case? I mean, the district court had found that he – it's the same case, Your Honor. The government's understanding is that it's a continuing violation here. Let me ask you a question. I asked the opposing counsel. Could the U.S. Attorney for the Central District just forget the failure to register in California? And he failed to register in Minnesota. Do the rules permit the U.S. Attorney for the Central District to indict him for failure to register in Minnesota? Yes, Your Honor. Your Honor, there's case law from other districts that I'm aware of that essentially says that where you have a SORNA violation that begins in one district, it ends in another district, potentially it even goes in a third or fourth district in between, that any of those jurisdictions could charge a violation there. So he could have charged this indictment in two counts. That's not our position, no, Your Honor. No, I'm saying as a matter of law, you could have. I mean, that – You just told me that there's case law that says that all three jurisdictions could. Right, but to charge a second offense, the first one must have finished. Right, but you could have charged it as two offenses. If the first one had finished, yes. Well, so if we find that the district court erred or that as a de facto matter there was a registration in Minnesota, then you would have had to charge two separate counts, right? Correct. And since you didn't, what do we do about it? It has to go back for retrial. Well, can it go back for retrial? Do we then have a double jeopardy problem? I mean, I think with duplicitousness and double jeopardy, we're looking at a couple things. We're looking at is he being tried twice for the same conduct. And we're – He was definitely, no doubt about it. Right. So what's the problem? Your Honor, I keep coming back to the same place that he – the defendant was on notice of all this conduct. So going into trial, there wasn't a question here of whether or not he was going to be surprised by some part of the government's case. If you could have charged it as two counts, why didn't you? So the moment the defendant abandons his residence, and on August 17, 2010, he cut off his ankle monitoring bracelet, his GPS tracker that he had in place because he was a sex offender. He cut that off, and he left his residence. The trial record is very clear on that. Okay. At that point, he's abandoned his residence, and therefore, he then has an obligation to register. Right. And it's the government's understanding that that obligation ends once he actually does register. Okay, so that keeps going back to my question. So it was just your opinion, I guess, that the reporting to the Minnesota authorities was not tantamount to registration that led you to indict one – not separately indict the Minnesota. I'd like to focus on that. So the defendant was arrested in Minnesota on October 15th. He was arrested on various charges, one of which was failure to register under Minnesota law. He was not ultimately prosecuted under Minnesota law. No prosecutor there at the state or federal level charged him with that. Now, a couple days after he was taken into custody, he was interviewed by somebody who's related – by a police officer who's involved in pursuing sex offenders there. And it's clear from the record that that police officer was trying to establish whether or not he had to register. But wasn't there a stipulation that he didn't register as a sex offender? Yes, Your Honor. And that's one of the arguments raised by the government, that there's a number of reasons why he didn't de facto register. One is that the defendant specifically stipulated that he did not register in Minnesota. And so – and that's why the government is saying that the court here would have to find that the district court clearly erred when really the district court, among other things, was relying on the defendant's very own stipulation that he did not register in Minnesota. And then building on that is what I started to say earlier, that the defendant didn't actually register. Yes, he talked to somebody in Minnesota State Government, but he did not – he didn't say he had to register. He didn't say that he resided there. He didn't say he had been there long enough. He didn't provide a specific address. And while in general, yes, it's possible that a transient could provide a more general address, he didn't say that either. His position just kept changing during the interview, and he clearly didn't find a specific address. Can I ask you one question? Is he subject to prosecution in Minnesota now? Or has that all been taken care of in this case? This one SORNA offense was charged here. It could have been charged in Minnesota as well. He is not going to be – Is there anything left in Minnesota for him to be worried about? Not under federal law. Not for SORNA offense. Your Honor, I can't speak to the applicability of Minnesota State law. Well, I'm just asking you about federal law. Yes. So he doesn't have to worry if he continues to register here and he passes through Minnesota on his way to someplace else, that he's going to be arrested by federal authority in Minnesota and prosecuted. Correct. So he doesn't have to worry about that. Not based on this prior conduct. No, not based on this prior conduct. Can his lawyer tell him that? You don't have to worry about Minnesota. You're all clean now. Everything's cleaned up for you. Right. Correct, Your Honor. Going forward, he's still a sex offender and he still has to register. I know that, but I'm just asking you that one question. Yes, Your Honor. Yeah, okay. Is that because of this prosecution or is it because of the statute of limitations or something else? Because of this prosecution, Your Honor. As I mentioned earlier, if we're just going to take a simple example of somebody who begins in California and ends in Minnesota, that's one offense under federal law and it could be prosecuted either in California or Minnesota. There's venue for both. Yeah. The cases that hold that there's a continuing offense, do any of them involve similar facts to this where there were two trips and two failures to register? In fact, even in terms of timing, if he had registered in Minnesota, he still would have had to register again, right? If upon... How often does he have to register? Every year? So as a Tier 3 sex offender under federal law, he has to register every three months. Okay. So if he had registered in Minnesota, he still would have had to register in California? Correct. When he came back. Right. So I don't understand why there's not two. Is there any case in which when you say it's a continuing offense that you have different trips and different places where he had to register? There's a number of cases, Your Honor. And the case of the defense sites, the Pietrantonio case from the Eighth Circuit, there, in fact, there was a duplicity problem. But what happened in the middle of that case was that he actually did register. And that was what created it. It wasn't that he was in multiple jurisdictions. And, Your Honor, I would say that the travel through various jurisdictions... Can you answer my question whether in any of the cases in which there was a continuing violation found, there was more than one interstate trip and more than one place he was supposed to register? Your Honor, I'm not sure. Pretty important. And that's the issue here. Whether the notion of continuing violation extends to a situation in which he went someplace, stayed there, didn't register, leaving aside the question of whether he did register. Then later on, sometime later, when he should have registered several times already, took a different trip and went to a different place where he didn't register. And you're saying that's all one continuing violation. Is there any case support for that? There's a great deal of case support. Every circuit that has considered the issue has. For that. For specifically that situation. You're saying was the factual situation in any of the cases where a holding was that the offense is continuous, was there travel between, were there multiple travel incidents? I apologize, Your Honor, that I don't recall the factual scenarios of all those. But what I do recall clearly is the Pietro Antonio case. And I can tell you that the reason, the only reason why there's a duplicity issue there was because the defendant affirmatively registered in the middle of his multistate travel. The Eighth Circuit in that opinion did not find any issue with the multistate travel there. It did. Actually, I'm sorry, Your Honor. Yes, I do recall. In the Lewis opinion from the Tenth Circuit, that's at least one that I was looking at where I believe there's travel through multiple districts. And no, the going through the multiple districts and the potential multiple registration opportunities there did not end the continuing nature of the violation in that court's opinion. That's a 2014 case. One of these days they'll implant them. Yes, Your Honor. They'll implant them and send signals all over. It would certainly make it easier. I mean, the scheme that was enacted by Congress puts the initial burden on the registrant to come forward because it is hard to keep track. And then it's the duty of the local jurisdiction to take that information and to share it with other jurisdictions as well. To wrap up on the de facto registration argument, we talked about the fact that it's really counterfactual that he didn't register. He didn't recognize that he had to register. He didn't provide the actual information necessary for registering, such as location. Compliance with Minnesota law? Either in compliance with Minnesota law or in compliance with federal law. He did not provide the information that satisfied either. And it's counterfactual. I'm aware of no cases or other statutory authority that actually recognizes such a thing as de facto registration. So it's being brought forward in this forum for the first time. And, again, I think the strongest point for the United States on this is that there's a clear factual finding by the court that he did not register in Minnesota. And that finding is, in fact, also based on the defendant's stipulation, which is also why the government has raised an estoppel argument here. Because the defendant essentially at the lower court argued that this certain information where he had the interview with the Minnesota police officer must be suppressed. And the defendant also argued that he did not register in Minnesota. The district court agreed and suppressed the relevant portions of that interview. And the district court also agreed and found that the defendant did not register in Minnesota. And now here on appeal, defendant is saying that he, in fact, de facto registered in Minnesota, and that the court should actually consider that portion of the interview, which at his request was earlier suppressed. And jumping to the acceptance of responsibility. Breyer. Well, that doesn't make any difference anyway. Right? And as far as that he never registered? He's a sex offender and he never registered after Sunday? As far as his punishment is concerned. I actually think it's better for the defendant that we just charged it in one count. If we're speaking the abstract and we could come up with a way to charge him multiple times over for his continued failure to register over a long period of time, I think the defendant actually ends up in a potentially a much worse situation if he was convicted and if the sentences were run consecutive. What about very briefly, since you're about 15 minutes over your time, the acceptance of responsibility? Thank you, Your Honor. The district judge said essentially, well, he didn't plead. That's not good enough. The district judge says he didn't plead. However, this is an adventure. The appellant is attacking the conclusion and not the rationale for the district judge's decision here. And I'd like to reaffirm that actually the court here should be citing this issue under a clearly erroneous standard, not the standard that was discussed by appellant counsel. And the Cantrell case, which I've cited in the government's paper, is directly on point on this matter. Anyways, under a clearly erroneous standard, there's a great deal of support, and it would be hard for this panel to find that. The district court said the only reason he gave for not giving acceptance was that he didn't plead. And we know that that's contrary to the guidelines, right? I completely agree that a defendant who does not plead still could get acceptance of responsibility, and I agree that the district court said he didn't plead. That being said, there's a great deal of evidence in the record before this panel regarding what the defendant did, and that evidence supports the judge's conclusion in this case. The defendant went ahead and he went to trial. This is a weird case. Well, because he basically stipulated to all the elements of the offense. Yes. And he went to trial, which is, I don't know why the government did that and wasted the three days. I mean, if he was going to stipulate to all the elements of the offense, why wouldn't he just take his conditional plea? I guess we end up discussing all these issues right now. And so, I mean, the question there is what's the most efficient thing to do in that circumstance? The government charged this under its best understanding of the relevant law at the time. And so what happened here? The defendant did stipulate to sufficient elements for conviction under the charge. I mean, that's essentially a plea. But then what? He needed three days of trial to get to the same place. Well, Your Honor, what then happened at trial is he called an expert witness who came in and actually contested one of the things that he stipulated to. The expert witness provided testimony as to his problems for understanding written and oral instructions, his problems for retaining written and oral instructions. This directly went to the knowledge element to which he ‑‑ it's a bizarre case because his position ultimately in the government's view is contradictory. And look, now between both of you, we've spent like almost 45 minutes on this case. We're only supposed to have 10 minutes. You know, it's just like he was getting the material ready for the probation report. Yes, Your Honor. You're saving everybody a lot of time. No, Your Honor. Anyway. That's good. Okay. Thank you. Thank you. That's a good ‑‑ wouldn't you agree that the fact that a defendant refuses to plead and insists on going to trial, that fact can't be used as a basis for denying acceptance of responsibility adjustment? I agree that the fact that the defendant refuses to plead and goes to trial standing alone is not a basis for denying the acceptance of responsibility. And I submit that in this case, there's actually much, much more evidence that supports the finding of not an acceptance of responsibility. That's a good rule because you do have ‑‑ you do have a constitutional right to go to trial. And you shouldn't be penalized for it. But all of this stuff comes out of the sentencing guidelines, which are unconstitutional. But we have to embrace them anyway, you know. That's how cockeyed the system is. Yeah. Okay. Thank you. Thank you. Yeah. You really want to say more? No, I was going to say I'll submit unless the court has any other questions. You're very nice. Thank you.
judges: Pregerson, Wardlaw, Berzon